**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JOHN MOLONEY,

                                  Plaintiff,

      v.

JAMES WEST, *investigator*; GAIL SHEA,

                                  Defendants.

No. 1:24-CV-00685
(MAD/CFH)

---

**APPEARANCES:**

John Maloney
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. Magistrate Judge**

## REPORT-RECOMMENDATION & ORDER

Using a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, plaintiff seeks to bring claims against James West, who he states is an "investigator" and Gail Shea, who he alleges falsely accused him of sexual assault. He seeks to bring claims for false arrest, false imprisonment, and malicious prosecution. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[1] Thus, the undersigned proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915.

---

[1] Plaintiff is advised that, although he has been granted IFP status, he is still required to pay any and all fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

## II. Initial Review

### A. Legal Standards

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). As the Second Circuit stated,

> There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)).  Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought. . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

3

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id.  (citations omitted).

This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed.  See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D.Conn. Nov. 8, 1999)[2] (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir.1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . .  or factual contentions lack an arguable basis.").

---

[2]  Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

4

B. **Complaint**

Plaintiff contends that in March 2024, Ms. Shea "falsely accused me of Criminal Sex Act 1st." Compl. at 5. Specifically, plaintiff contends that Shea alleged that he told her "to close my eyes because he had a surprize [sic] for me then he put his penis in my mouth." Id. Defendant West "took the false alligation [sic] at face value & never conducted an investagation [sic] insted [sic] he had my parole officer contact me & tell me I needed to meet him at the police department." Id. Plaintiff contends that at the police department, he was "unlawfully detained witch [sic] turned into a custodial arrest in witch [sic] was also unlawfull [sic]." Id.

Plaintiff contends that West filed "accusatory insterments [sic] with the Court witch [sic] started a prosecution with malice." Compl. at 5. Plaintiff contends that, "after the DNA result came back proving that the false alligation's [sic] by Gail Shea were in fact false it was then decided that the unlawfull [sic] charge of criminal sex Act 1st witch was based on the purjurized [sic] statements of Gail Shea would be dismissed." Id.

Plaintiff contends that West's actions of arresting him and putting him in jail based upon a "false complaint" and for "a crime I did not commit is a 4th Amendmet [sic] violation." Compl. at 6. Plaintiff accuses West of a "negligent investagation [sic] and the initiation of a mulicus [sic] prosecution" because he was exonerated by DNA evidence. Id. Plaintiff demands $90,000.00 in punitive damages, $90,000.00 in "monitery damages," and "declatory [sic] judgement." Id. at 7.

C. **Analysis**[3]

---

[3] Unless noted otherwise, the Court has provided plaintiff with copies of all unreported decisions cited herein. See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009) (per curiam).

The undersigned addresses first plaintiff's purported section 1983 claims against Ms. Shea. See generally Compl. "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (quoting United States v. Int'l Brotherhood of Teamsters, 941 F.2d 1292, 1295 (2d Cir. 1991)). Therefore, a plaintiff must establish that the defendant was either a state actor or a private party acting under color of state law. See Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). A private party engages in state action when they are found to be a "willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (citing United States v. Price, 383 U.S. 787, 794 (1966)). "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." White v. Moylan, 554 F. Supp. 2d 263, 267 (D. Conn. 2008) (citation omitted).

Even applying the special solicitude standard, there is nothing in plaintiff's complaint that suggests that Ms. Shea was a state actor or private citizen acting under the color of state law. Indeed, plaintiff does not include a job title for Ms. Shea and provides her address as a private residence in Lake George, New York. See Compl. at 2. Further, the facts in his complaint indicate that Ms. Shea was simply an individual accusing him of criminal behavior against her. See Compl. at 4. There is no indication that plaintiff was a "willful participant" in joint activity with the State, or in any way

6

established a "close nexus" with the State. Adickes, 398 U.S. at 152; White, 554 F. Supp. 2d at 267. Thus, because defendant is a private citizen, and plaintiff's allegations clearly do not involve conduct the Court construes to be joint activity with the State, as defined by relevant case law, it is recommended that plaintiff's § 1983 claims against Ms. Shea be dismissed.[4]

Next, the Court addresses plaintiff's section 1983 claims against defendant West. Plaintiff contends that "it was . . . decided" that a charge of Criminal Sex Act 1st "would be dismissed." Compl. at 6-7. However, what is unclear is whether this charge is currently dismissed and whether any additional related charges remain pending. See generally id. Plaintiff provides that he is a pretrial detainee and he is incarcerated at Warren County Correctional Facility. See id. As this Court, citing the District of Connecticut, has set forth:

> In Heck, the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in original).
>
> []
>
> Thus, under Heck and its progeny, if a conviction has not been invalidated previously, a "§ 1983 action is barred . . . no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate

---

[4] This Court also cannot implement any punishment or initiate any criminal prosecution against Ms. Shea for filing an allegedly false statement as there is no private right of action to enforce state or federal criminal statutes. See McFadden v. Ortiz, 5:12-CV-1244 (MAD/ATB), 2013 WL 1789593 (N.D.N.Y. Apr. 26, 2013). Thus, to the extent a liberal reading of plaintiff's complaint may suggest that he is seeking the Court's assistance in prosecuting Ms. Shea, such claim cannot proceed.

7

the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Ali v. Shattuck, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at *3 (N.D.N.Y. May 29, 2024), report- recommendation adopted sub nom. Ali v. Dow, No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024) (quoting Zografidis v. Richards, No. 3:22-CV-00631 (AVC), 2022 WL 21756775, at *7 (D. Conn. July 6, 2022), report and recommendation adopted (Oct. 7, 2022), aff'd, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023)).

Plaintiff has failed to demonstrate that any criminal charge(s), conviction, or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Zografidis, 2022 WL 21756775, at *7. Insofar as plaintiff calls into question his arrest, charges against him, prosecution, and imprisonment, such claims are barred by Heck unless and until he can demonstrate that all criminal charges have been terminated in his favor. See id. "These are precisely the sort of claims that are contemplated by Heck, as they would imply the validity of his conviction. 'Claims for . . . false arrest . . . call into question the validity of a conviction, because false arrest requires a lack of probable cause and malicious prosecution requires probable cause and a termination of the proceedings in the [inmate's] favor." Id. at *8 (quoting McFadden v. New York, No. 10-cv-141 (RRM / CLP), 2011 WL 6813194, at *4 (E.D.N.Y. Dec. 28, 2011) and citing Warren v. Fischl, 674 F. App'x 71, 72 (2d Cir. 2017) (summary order) ("applying Heck to preclude prisoner's claim against police officers and prosecutors for unreasonable search and seizure and fabrication of evidence)."(additional citations omitted)).

8

As plaintiff has only stated that "it was [] decided" that the charge for "Criminal Sex Act 1st" would be dismissed because he was exonerated following the testing of unspecified DNA evidence, he has not demonstrated that his charges have dismissed by a Court of law or tribunal and that there are no related criminal charges pending. See generally Compl. Thus, his claims as set forth in the complaint cannot proceed as the Court does not have sufficient information before it to determine whether they are barred by Heck. See Compl. at 5-6. It is recommended that the matter be dismissed without prejudice and with leave to amend so that plaintiff may provide further factual support for his claims; including clarifying the current status of the "Criminal Sex Act 1st" charge; explaining whether he was charged with any other crimes connected or related to Ms. Shea, and, if so, the status of such charges; and explain whether his current incarceration is connected to these charges.[5]

### III. Conclusion

---

[5] Further, even if the Heck bar is not an issue, greater detail is necessary to assess whether there existed probable cause for the arrest. "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.1996) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir.1994)). Arguably, if an alleged victim made a claim to a police, such would amount to probable cause. "Probable cause to arrest exists 'when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" Thompson v. Sweet, 194 F. Supp. 2d 97, 101 (N.D.N.Y. 2002) (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir.1995) (internal quotations omitted). "In order to determine if probable cause existed, 'we consider the facts available to the officer at the time of the arrest.'" Id. (quoting Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir.1997)). Plaintiff appears to provide that the only knowledge defendant West had at the time of the arrest was the alleged victim's claim that plaintiff put his penis in her mouth as a "surprise." Compl. at 5. However, at this early stage, the undersigned does not have sufficient information to make this determination. Thompson v. Sweet, 194 F. Supp. 2d 97, 101 (N.D.N.Y. 2002) ("The issue of whether an arresting officer had probable cause to make the arrest may be determined as a matter of law if 'the pertinent events and the knowledge of the officers' are not in dispute.") (quoting Weyant, 101 F.3d at 852).

**ORDERED**, that plaintiff's in forma pauperis application, Dkt. No. 2, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's section 1983 claims against Gail Shea be **DISMISSED WITH PREJUDICE**; and it is further

**RECOMMENDED**, that the remainder of plaintiff's complaint, Dkt. No. 1, be **DISMISSED in its entirety without prejudice and with opportunity to amend** for failure to demonstrate personal involvement; and it is further

**RECOMMENDED**, that all claims against for false arrest, false imprisonment, and malicious prosecution be **DISMISSED without prejudice and with opportunity to amend** to, as detained herein, provide further factual detail such that the Court may properly determine whether these claims are barred by Heck, and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be granted thirty (30) days following the filing date of the District Judge's order adopting the Report-Recommendation & Order to submit the amended complaint, and if plaintiff does not timely comply, the matter be closed without need for further order of the Court.

Pursuant to 28 U.S.C. 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: October 24, 2024
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge