UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN MOLONEY,

                              **Plaintiff,**

  vs.                                                     1:24-CV-685
                                                                  (MAD/PJE)

JAMES WEST and GAIL SHEA,

                              **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**JOHN MOLONEY**
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On March 20, 2024, Plaintiff John Moloney commenced this action, *pro se*, against Defendants James West and Gail Shea. *See* Dkt. No. 1. Plaintiff alleges that Shea falsely accused him of a criminal sex act and West failed to properly investigate the allegations. *See id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

On October 24, 2024, Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order granting Plaintiff's IFP motion and recommending that Plaintiff's complaint be dismissed. *See* Dkt. No. 4. Magistrate Judge Hummel's Report-Recommendation and Order was returned as undeliverable. *See* Dkt. No. 5. The envelope indicates that Plaintiff is not in custody. *See id.* at 1. On January 10, 2025, this case was reassigned to Magistrate Judge Paul J. Evangelista. *See* Text Order 01/20/2025. The Text Order was also returned as

1

undeliverable because Plaintiff is not in custody. *See* Dkt. No. 6. As such, Plaintiff has not filed any objections to the Report-Recommendation and Order.

When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error. *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed the October 24, 2024, Report-Recommendation and Order, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Hummel's recommendation to dismiss Plaintiff's complaint.

Magistrate Judge Hummel correctly determined that Plaintiff cannot sue Defendant Shea under 42 U.S.C. § 1983 because she is a private citizen and not a state actor. *See* Dkt. No. 4 at 6;

*see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action'") (quotation and quotation marks omitted).

Magistrate Judge Hummel also appropriately concluded that Plaintiff's claim against Defendant West must be dismissed because, if Plaintiff has been convicted of a criminal sexual act, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Dkt. No. 4 at 7 (quoting *Ali v. Shattuck*, No. 8:24-CV-0128, 2024 WL 2747619, *3 (N.D.N.Y. May 29, 2024)). It is well settled that such a claim is barred by the *Heck* doctrine. *See Poventud v. City of New York*, 750 F.3d 121, 129 (2d Cir. 2014). To the extent Plaintiff asserts that the charges against him "would be dismissed" and he was, therefore, falsely arrested and maliciously prosecuted, Plaintiff has not alleged a lack of probable cause to arrest or charge him, nor has he demonstrated that the charges have actually been dismissed. Dkt. No. 1 at 6. Therefore, Plaintiff's claims cannot proceed at this juncture because he has failed to state a cognizable § 1983 claim.

As to whether Plaintiff should be given leave to amend, Magistrate Judge Hummel is correct that leave to amend should be denied as to the claim against Defendant Shea because Plaintiff cannot bring a § 1983 claim against a private citizen. Magistrate Judge Hummel recommended that the remainder of Plaintiff's complaint be dismissed without prejudice and with an opportunity to amend. *See* Dkt. No. 4 at 10. Magistrate Judge Hummel was correct in recommending that Plaintiff be afforded an opportunity to amend his complaint when the Report-Recommendation and Order was issued on October 24, 2024. However, Plaintiff has never seen the Report-Recommendation and Order because it was returned as undeliverable on November

3

12, 2024. *See* Dkt. No. 5. Plaintiff has not filed anything with the Court since his initial complaint and IFP application on May 20, 2024. *See* Dkt. Nos. 1, 2, 3.

Federal Rule of Civil Procedure "41(b) [] gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "At the same time a Rule 41(b) dismissal remains 'a harsh remedy to be utilized only in extreme situations.'" *Id.* (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). "And *pro se* plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "[A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider" the following:

> "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

*Id.* (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).

"In this circuit, delays measured in 'months' are generally sufficient to support dismissal under this first factor." *Booth v. Shawcross*, No. 5:22-CV-1011, 2025 WL 262049, *5 (N.D.N.Y. Jan. 22, 2025) (citing, *inter alia*, *Yadav v. Brookhaven Nat'l Lab'y*, 487 Fed. Appx. 671, 673 (2d Cir. 2012)). Plaintiff has not communicated with this Court in nearly ten months. This is sufficient to satisfy the first factor.

As to the second factor regarding notice, it does not appear that Plaintiff has received a single document from the Court. There is no indication that he was sent the Court's *Pro Se*

4

Handbook. The Report-Recommendation and Order warned Plaintiff that his case would be closed without further order from the Court if he failed to amend his complaint within thirty days, but he has never seen this warning. *See* Dkt. No. 4 at 10. However, "regardless of whether Plaintiff actually received notice that delay could result in dismissal, it remained his duty to diligently pursue his case and to inform this Court[] . . . of any change of address." *Thornton v. Moroney*, No. 13-CV-8912, 2014 WL 2805236, *2 (S.D.N.Y. June 20, 2014). "'It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts.'" *Balderramo v. Go New York Tours Inc.*, No. 15-CV-2326, 2019 WL 5682848, *5 (S.D.N.Y. Nov. 1, 2019) (quoting *Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, *3 (S.D.N.Y. July 17, 2000)).

Next, "although 'prejudice to defendants resulting from unreasonable delay may be presumed,' . . . there is no evidence in the record that plaintiff's delay in filing his response caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself." *LeSane*, 239 F.3d at 210 (quotation omitted). Defendants have never been served or formally notified of the pendency of this case against them. Therefore, there is no evidence of any prejudice to them by Plaintiff's actions.

To the extent Plaintiff's actions impact this Court's docket, "the Second Circuit has held that there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated." *Balderramo*, 2019 WL 5682848, at *5 (citing *Lucas*, 84 F.3d at 535). There is no such evidence present in this case. *See Baptiste v. Sommers*, 768 F.3d 212, 218 (2d Cir. 2014) (vacating and remanding district court dismissal because "[a]lthough the case stalled for two years, 'plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court;

he did not swamp the court with irrelevant or obstructionist filings'") (quotation omitted).  It is worth noting that, in the cases where a court has not dismissed a plaintiff's complaint, the plaintiff had resumed communication with the Court.  *See Balderramo*, 2019 WL 5682848, at *2; *Baptiste*, 768 F.3d at 215.

To balance the foregoing, the Court concludes that (1) dismissal of Plaintiff's complaint is warranted because of his failure to state a claim in his complaint and failure to prosecute his case; and (2) although an involuntary dismissal of a Plaintiff's case under Rule 41(b) generally operates as an adjudication on the merits, such a harsh remedy is not necessary at this time.  There is no evidence of prejudice to Defendants and Plaintiff's failure has been silent and unobstructive.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 4) is **ADOPTED in part** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: March 17, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge